UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TRAUB LIEBERMAN STRAUS &
SHREWSBERRY LLP,

                       Plaintiff,                            **ORDER**

v.

                                                26-CV-04826 (PMH)

NATIONAL LIFE INSURANCE COMPANY,

                       Defendant.
----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

On June 8, 2026, Plaintiff Traub Lieberman Straus & Shrewsberry LLP commenced this action against Defendant National Life Insurance Company by filing the Complaint. (Doc. 1).

The basis for the Court's jurisdiction is the alleged diversity of the parties under 28 U.S.C. § 1332(a). (Doc. 1). Plaintiff asserts that the Court has jurisdiction over this action because "Plaintiff is a citizen of a different state than Defendant." (*Id*. ¶ 7). According to Plaintiff, complete diversity exists because "Plaintiff is a limited liability partnership organized and existing under the laws of the State of New York with a principal place of business at 445 Hamilton Avenue, Suite 900, White Plains, New York 10601" and "Defendant is an insurance company organized and existing under the laws of the State of Vermont with a principal place of business at One National Life Drive, Montpelier, Vermont 05604." (*Id*. ¶¶ 10-11). As Plaintiff appears to be a limited liability partnership and not a corporation (*see* New York State Department of State Corporation and Business Entity Database, available at https://apps.dos.ny.gov/publicInquiry/EntityDisplay (last visited June 10, 2026)), the citizenship of Plaintiff has not been adequately alleged.

It is axiomatic that, "[w]ith the exception of corporations, the citizenship of business entities is derived from the citizenship of all members of the entity." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 189 (1990); *see also Monitronics Funding LP v. Pinnacle Sec., LLC*, No. 12-CV-01992, 2012 WL 967623, at *1 (S.D.N.Y. Mar. 21, 2012) ("A limited liability partnership has the citizenship of each of its general limited partners for the purposes of diversity jurisdiction."). Thus, the Complaint fails to adequately allege the citizenship of Plaintiff for Plaintiff's assertion of jurisdiction based upon diversity of citizenship.

Accordingly, by June 17, 2026, Plaintiff shall file a letter via ECF explaining the basis for its assertion that diversity of citizenship exists and shall state the citizenship of each of the limited liability partnership's members, shareholders, partners, and/or trustees.

**SO ORDERED.**

Dated:    June 10, 2026
          White Plains, New York

_____
HON. PHILIP M. HALPERN
United States District Judge